ALEXANDER B. V. HUMPHREYS, Appellant, v. D. SPEAR et al., Appellees.

APPEAL FROM SANGAMON.

Books of account are admissible in evidence in connection with the testimony of the clerk who kept them, who gave testimony tending to prove the correctness of the entries.

THIS cause was heard by DAVIS, Judge, at March term, 1853, of the Sangamon Circuit Court. The opinion furnishes a full statement of the case.

LINCOLN and HERNDON, for appellant.

B. S. EDWARDS and E. B. HERNDON, for appellees.

TREAT, C. J. This was an action of assumpsit, brought by D. & T. P. Spear against Humphreys. The declaration contained a count for goods sold. The plea was non assumpsit. It appeared in evidence that the plaintiffs were merchants, and had books in which their accounts with customers, were kept; and that they had a merchandise account against the defendant, consisting of entries in their books amounting to $135.71. By witnesses speaking from memory, and by orders drawn by the defendant, they proved the correctness of their account to the extent of $57.33, and leaving it unproved as to the remainder, consisting of numerous items. They then proved by their clerk, that he and the plaintiffs were the only attendants of the store; that they served their customers promiscuously, each entering upon a slate the credit sales made by him during the day, and they all assembled together at night, and the clerk transcribed the entries from the slate into the book, called the blotter or daybook; that most generally, when transcribing the entries, he would remember having seen at the store, during the day, the persons against whom the plaintiffs made the slate entries, but could not say he so remembered in all cases, and rather presumed there were some in which he did not; that he remembered selling goods to the defendant, but could not recollect the items; that sometimes when transcribing entries against the defendant, he remembered seeing him during the day. The plaintiffs then proved by several of their customers, that they had settled with the plaintiffs by their books, and found them

to be correct; and they thereupon offered to submit the books to the jury, as evidence of the correctness of the remainder of their account. The court permitted the books to go to the jury, and the defendant excepted. The jury found a verdict in favor of the plaintiffs for the amount of the account, and judgment was rendered thereon.

This court decided in the case of Boyer *v.* Sweet, 3 Scam. 120, that the books of account of a party were admissible in evidence to prove an account of various items, in connection with proof that some of the articles were delivered about the time the entries purported to have been made; that the entries were in the handwriting of the party; that he kept no clerk at the time; and that persons having dealings with him, had settled by the books, and found them to be fair and correct. All of these elements appear in the present case, except that the plaintiffs kept a clerk, by whom the entries in the books were made. But they introduced the clerk as a witness, and he gave testimony tending to prove the correctness of the account. It is very clear that the books were admissible in evidence, in connection with the testimony of the clerk. It is well settled in this country, that entries made by a clerk, in the regular and usual course of business, are admissible in evidence after his death, on proof of his handwriting; and during his life, if authenticated by him. Such entries form part of the *res gestæ*, and are admissible as original evidence. This subject is thoroughly examined in the notes of Hare & Wallace to the case of Price *v.* Torrington, in 1 Smith's Lead. Cas. 282. See, also, 1 Greenl. on Evid. §§ 115 to 120. The books are admitted with the testimony of the clerk, or in case of his death with proof of his handwriting; and the jury are to determine what weight shall be given them, in connection with all the circumstances of the case. If it appears that some of the goods were delivered contemporaneous with the entries made by the clerk, and that the books were fairly and honestly kept, the jury may reasonably conclude that the entire account is correct. In the case of a running account at a store, consisting of numerous items, better evidence is not generally attainable. It can hardly be expected, that a merchant will be able to prove the delivery of every article charged to a customer. The proof in this case was probably as full as can ordinarily be made. There was nothing in the case calculated to cast suspicion on the books, or to impute to the plaintiffs a want of fairness or honesty in their dealings as merchants. We think the jury were justified in allowing them the whole of their account.

The judgment is affirmed.

*Judgment affirmed.*